IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Danny Thompson, | ) Civil Action No.: 8:11-cv-2088-TLW-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Ofc. Finkly; Sgt. Price; Investigator Greer; Ms. James; Mr. Oberman, | ) |
| Defendants. | ) |

Plaintiff is proceeding in this action pro se. On November 28, 2011, Defendants filed a motion for summary judgment. [Doc. 35.] On November 29, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond. [Doc. 36.] Despite this explanation and an extension of time to respond [Doc. 48], Plaintiff elected not to respond to Defendants' motion.

As Plaintiff is proceeding pro se, the Court filed an Order on February 13, 2012, giving Plaintiff through March 5, 2012, to file his response to the motion for summary judgment. [Doc. 52.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] Despite this explanation, Plaintiff elected not to respond.[1]

---

[1] The Court notes Plaintiff filed a motion to receive legal material before Defendants filed an Answer to the Complaint. [Doc. 24.] Plaintiff indicates he was denied the items he needed, such as pens, paper, and legal envelopes. [*Id.*] However, subsequent to this motion, Plaintiff filed a motion to amend/correct the Complaint [Doc. 39] and a motion for extension of time to respond to Defendants' motion for summary judgment [Doc. 46]. Moreover, as Defendants note, Plaintiff's request is not entirely clear and indicates only that Plaintiff anticipated needing the materials in the future. [Doc. 58.] Based on the lack of clarity in Plaintiff's motion for legal materials and Plaintiff's multiple filings following the motion, the Court concludes Plaintiff's asserted anticipated lack of legal materials has not affected his ability to respond to Defendants' motion for summary judgment.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant.

. . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response. Plaintiff has had over three months to respond to the motion for summary judgment. Although Plaintiff's initial response was due by January 6, 2012, the Court granted Plaintiff's motion for extension of time to respond and, when Plaintiff failed to respond, offered Plaintiff another opportunity to respond, making the final deadline March 5, 2012. The Court has warned Plaintiff the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file responses. Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

March 12, 2012
Greenville, South Carolina